

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
May 26, 2022 15:56

By: PAUL J. CRISTALLO 0061820

Confirmation Nbr. 2561035

MARK WILLIAMS JR.                              CV 22 964009

    vs.

THE CITY OF CLEVELAND, ET AL          **Judge:** DEENA R. CALABRESE

**Pages Filed:** 17

EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARK WILLIAMS JR. ) | |
| c/o THE LAW OFFICE OF PAUL J. ) | |
| CRISTALLO, LLC. ) | |
| 4403 ST. CLAIR AVENUE ) | |
| CLEVELAND, OH. 44103 ) | CASE NO.: |
| ) | |
| PLAINTIFF ) | |
| ) | JUDGE: |
| -vs- ) | |
| ) | |
| THE CITY OF CLEVELAND ) | |
| 601 LAKESIDE AVENUE ) | **COMPLAINT** |
| ROOM 106 ) | |
| CLEVELAND, OH. 44114 ) | **(JURY DEMAND ENDORSED** |
| ) | **HEREON)** |
| -and- ) | |
| ) | |
| OFFICER SCHUT (S1858) ) | |
| OFFICER RODRIGUES (2285) ) | |
| OFFICER KRUG (2557) ) | |
| c/o THE CITY OF CLEVELAND ) | |
| 601 LAKESIDE AVENUE ) | |
| ROOM 106 ) | |
| CLEVELAND, OH. 44114 ) | |
| *INDIVIDUALLY AND IN THEIR* ) | |
| *OFFICIAL CAPACITIES* ) | |

|  |  |
|---|---|
| -and- | ) |
|  | ) |
|  | ) |
| LAW ENFORCEMENT OFFICERS | ) |
| JOHN DOES 1-6 | ) |
| c/o THE CITY OF CLEVELAND | ) |
| 601 LAKESIDE AVENUE | ) |
| ROOM 106 | ) |
| CLEVELAND, OH. 44114 | ) |
| *INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES* | ) |
|  | ) |
| DEFENDANTS | ) |

## INTRODUCTION

1. This case is brought to address violations of law and resulting damages from the misconduct of various individuals, entities, officers, and other officials in connection with the May 26, 2021 arrest of Plaintiff Mark Williams Jr.  Mr. Williams Jr., an upstanding and law abiding citizen with no criminal history, was wrongfully restrained, arrested, detained, and subjected to an unlawful process despite his innocence.  As a direct result of the actions of the individual Defendants, as well as a direct result of the unconstitutional customs, policies and/or practices of the City of Cleveland, Mr. Williams Jr., suffered a loss of his rights and other damages.

## JURISDICTION

2. This action is brought pursuant to claims arising under the laws of the State of Ohio; 28 U.S.C. §§1331, 1343 (3) and (4); 42 U.S.C. §1985; 22 U.S.C. §2201;

and the Fourth, and Fourteenth Amendments to the United States Constitution. This matter is also brought pursuant to 28 U.S.C. §§1983 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees. Venue is proper in Cuyahoga County.

3. This Court has personal jurisdiction over the Defendants, who reside in and/or conduct business in Cuyahoga County.

**PARTIES**

4. At all times relevant, Plaintiff Mark Williams, Jr., was a U.S. citizen and a resident of Cuyahoga County, Ohio.

5. Defendant City of Cleveland is a municipal corporation under Article XVIII of the Ohio Constitution and a "person" subject to suit within the meaning of 42 U.S.C. §1983. The City of Cleveland controls, operates, and supervises the City of Cleveland Police Department.

6. Defendants John Does 1-6 are and were at all times relevant police, corrections officers or other government officials employed by, or acting on behalf of the City of Cleveland and were acting under color of law and in the course and scope and in furtherance of their employment with the City of Cleveland. These Defendants are each a "person" under 42 U.S.C. § 1983. John Doe 1 was the Officer and/or other City of Cleveland employee/agent and/or official who entered misinformation and/or caused misinformation to be entered into the City of

Cleveland's and/or other criminal database system(s) which resulted in Mr. Williams Jr.'s unlawful arrest and detention. The actual identity of John Doe 1 is known to the Defendants and/or the Defendants are in possession of John Doe 1's identity.

7. Defendant Officer Schut is and was at all times relevant an law enforcement agent acting on behalf of the City of Cleveland, was acting under color of law, and was in the course and scope and in furtherance of their work with and/or for the City of Cleveland. Defendant Schut is a "person" under 42 U.S.C. § 1983.

8. Defendant Officer Rodrigues is and was at all times relevant an law enforcement agent acting on behalf of the City of Cleveland, was acting under color of law, and was in the course and scope and in furtherance of their work with and/or for the City of Cleveland. Defendant Rodrigues is a "person" under 42 U.S.C. § 1983.

9. Defendant Officer Krug is and was at all times relevant an law enforcement agent acting on behalf of the City of Cleveland, was acting under color of law, and was in the course and scope and in furtherance of their work with and/or for the City of Cleveland. Defendant Krug is a "person" under 42 U.S.C. § 1983.

## FACTUAL BACKGROUND AND THE ARREST

10. Plaintiff Mark Williams Jr., is a law abiding, well respected figure in the City of Cleveland. Mr. Williams Jr. had no criminal history prior to the incident at issue. For several years Mr. Williams Jr., has been gainfully employed by institutions that require him to travel internationally.

11. On or about March 12, 2020, City of Cleveland Defendants Schut and/or Krug and/or Rodrigues and/or John Doe Officer(s) responded to a domestic violence call on Cleveland's west side.

12. Upon arrival at the victim's residence, the victim explained to the police that her live-in boyfriend and the father of her child assaulted her and also took her debit card, cell phone and car keys. Her boyfriend, also named Mark Williams but sans "Jr.", was not on scene when the police arrived.

13. According to the victim, she provided the Defendants with the suspect's birthdate and other identifying information.

14. Upon information and belief, the victim's boyfriend Mark Williams had fourteen (14) separate criminal cases in Cuyahoga County alone. Indeed, at the time of the event at issue, Mark Williams had an open criminal case with charges pending against him. Conversely, Mark Williams Jr. had never been arrested or charged with a crime.

15. It is worth noting that Mr. Williams Jr., does not share the same birthdate at the criminal suspect Mark Williams. Nor did they ever share the same address, social

security number, or other identifying information - all of which was readily available at the time the underlying crime was reported and thereafter.

16. Indeed, armed with the suspect's date of birth, the Defendants could have simply checked the Cuyahoga County Court of Common Pleas on-line docket and they would have discovered that "domestic violence suspect Mark Williams" was the same Mark Williams with an open criminal case and fourteen other criminal cases in Cuyahoga County.

17. Alternatively, the Defendants could have shown the victim any one of her boyfriend's fourteen booking photos so as to confirm that her Mark Williams was indeed the same Mark Williams with the lengthy criminal history and the same date of birth.

18. Unfortunately, the Defendants entered or caused Mark Williams Jr.'s date of birth, age and social security number to be entered into their criminal database system.

19. The Defendants' failure to simply enter the suspect's correct birthdate or to engage in a cursory investigation all but guaranteed the wrong Mark Williams (here, Mark Williams Jr.) was going to be wrongly arrested, detained, prosecuted and subjected to a violation of his rights.

20. The Defendants' decision to enter Mark Williams Jr.'s personal information into their criminal database, despite having the correct Mark Williams' personal information, was malicious, willful, wanton and/or reckless.

6

21. Furthermore, and prior to initiating a process which the Defendants knew or should have known would result in an arrest and felony charges being brought against Mark Williams Jr., the Defendants could and should have shown a photo of Mark Williams Jr., to the victim. Mark Williams Jr., was the person the Defendants chose to be arrested and prosecuted. Certainly when considering the common nature and common spelling of the name "Mark Williams", obtaining some form of identity confirmation was required.

22. Indeed, following Mr. Williams Jr.'s arrest, the victim was shown a picture of Mr. Williams Jr. The victim immediately denied knowing him. She denied that Mark Williams Jr., was the boyfriend/father of her child who allegedly assaulted her and stole from her.

23. Plaintiff submits that in disregarding the identifying information provided by the victim, and by substituting Mark Williams Jr.'s personal information, the Defendants acted in a malicious, willful, wanton and/or reckless manner.

24. However, Plaintiff further submits that the Defendants were also malicious, willful, wanton and/or reckless in the manner in which they arrived at Mark Williams Jr. Both Mark Williams and Mark Williams Jr., are African American. Plaintiff submits that Defendants either intentionally and specifically sought to have Mark Williams Jr. arrested and prosecuted, or, in the alternative, the Defendants eliminated other white/non-African American suspects automatically on the basis of race and simply found a different African American Mark

Williams to enter into the criminal database. The process by which the Defendants initiated criminal charges against Mark Williams Jr. as opposed to Mark Williams wasn't based upon a common birthdate, social security number, address, phone number, age, height, weight, or other readily discoverable factor.

25. As such, this is not a case of 'mistaken identity'. Mark Williams Jr., didn't have a criminal record prior to this event. Mark Williams Jr. wasn't arrested based on a misidentification, or stolen identity. No, Mark Williams Jr., was arrested because he was also African American. Prior to this event, Mark Williams Jr. was living a prosperous, peaceful life with his husband and their dog. The Defendants disregarded information relative to the actual criminal suspect and substituted a different African-American Mark Williams.

26. As a direct and proximate result of their actions and inactions, Mark Williams Jr.'s name, social security number, date of birth and other identifying information was entered into more than one criminal database.

27. A warrant for Mark Williams Jr.'s arrest was issued and on May 26, 2021 Mark Williams Jr. was stopped by TSA agents at the Cleveland Hopkins International Airport.

28. Mr. Williams Jr., was detained and handed over to Cuyahoga County Sheriff's Department Deputies. Thereafter, Mr. Williams Jr. was arrested, handcuffed, and transported to the Cuyahoga County Corrections Center where he was photographed, fingerprinted, asked to provide and did provide other personal and

identifying information, including but not limited to being required to provide a DNA sample.

29. Mr. Williams Jr. was released but not before being named as a defendant in a criminal case which included felony charges.

30. Mr. Williams Jr.'s was forced to retain criminal defense counsel and was made to appear at his arraignment as well as taking other steps in the defense of his criminal prosecution.

31. Unfortunately, the criminal charges brought against Mr. Williams Jr. were also sent to State and Federal law enforcement agencies, as well as other entities. Mr. Williams Jr., spent a significant amount of time and resources attempting to undo the grievous error caused by the Defendants.

32. In addition to emotional distress, financial strain, economic loss, damage to his reputation, and a violation of his rights, Mr. Williams Jr.'s information continues to be maintained by law enforcement agencies through their criminal database systems. As indicated, Mr. Williams Jr.'s employment requires him to travel domestically and internationally. As a direct and proximate result of the Defendants' misconduct, Mr. Williams Jr., continues to face the threat of detention, travel restrictions, discrimination, and other violations that impact Mr. Williams Jr.'s life and will continue to impact his life for the foreseeable future.

## FIRST CAUSE OF ACTION FALSE ARREST: FEDERAL LAW

33.  Paragraphs 1 through 32 are incorporated by reference as if fully rewritten herein.

34.  The Defendants caused Mr. Williams Jr., to be detained and arrested without probable cause or a reasonable suspicion that Mr. Williams Jr., had engaged in conduct that would subject him to an arrest and/or detention. Mr. Williams Jr., was thereafter subject to an unlawful search and an unlawful detention.

35.  Mr. Williams Jr.'s detention, search, arrest, and prosecution were in violation of his rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and were otherwise in violation of Federal law.

36.  As a direct and proximate result of Mr. Williams Jr.'s unlawful detention, search, arrest, and prosecution he suffered a violation of his rights, damages, and other losses.

## SECOND CAUSE OF ACTION FALSE ARREST/UNLAWFUL DETENTION: STATE LAW

37.  Paragraphs 1 through 36 are incorporated by reference herein as if fully rewritten.

38.  The Defendants caused Mr. Williams Jr., to be detained and arrested without probable cause or a reasonable suspicion that Mr. Williams Jr., had engaged in conduct that would subject him to an arrest and/or detention. Mr. Williams Jr., was thereafter subject to an unlawful search and an unlawful detention.

39.  Mr. Williams Jr.,'s arrest, search, and detention were in violation of his rights as secured by the laws of the State of Ohio.

40. As a direct and proximate result of Mr. Williams Jr.'s unlawful detention, search, arrest, and prosecution he suffered a violation of his rights, damages, and other losses.

### THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION

41. Paragraphs 1 through 40 are incorporated by reference herein as if fully rewritten.

42. The Defendants initiated a prosecution against Mr. Williams Jr., without probable cause and with malice. Furthermore, his prosecution was unlawfully continued despite the absence of probable cause and/or the elimination of any probable cause which may have initially existed.

43. Mr. Williams Jr.'s prosecution was therefore a violation of his rights as secured by the Fourth Amendment to the United States Constitution and was also a violation of laws of the State of Ohio.

44. As a direct and proximate result of Mr. Williams Jr.'s unlawful prosecution, he suffered a violation of his rights, damages, and other losses.

### FOURTH CAUSE OF ACTION: *Monell*; 42 U.S.C. §1983

45. Paragraphs 1 through 44 are incorporated by reference herein as if fully rewritten.

46. Defendant City of Cleveland's policies, practices, customs, and usages regarding investigations, arrests, and prosecutions were the moving force behind the violation of Mr. Williams Jr.'s rights by Defendants.

47. Defendant City of Cleveland failed to institute adequate policies, procedures, customs, usages, practices, training and protocols.

Electronically Filed 05/26/2022 15:56 / / CV 22 964009 / Confirmation Nbr. 2561035 / CLMRB

48. Defendant City of Cleveland also failed to institute and train officers, officials and employees relative to the following: the investigation of crimes; procedures and safeguards relative to entering suspect information on forms and in criminal databases; designation, retention, and destruction of public records; probable cause and proper arrest procedures; the writing of proper police reports and the gathering of evidence; investigating the commission of a crime(s); the unlawfulness of instituting and/or maintaining a process against a citizen with an unlawful and/or improper motive; the laws of slander, libel and/or defamation, including such violations of a *per se* nature; and the adequacy and/or existence of information needed to institute and/or maintain a criminal prosecution.

49. The City of Cleveland also had inadequate policies, customs, procedures, and practices, relative to the following: the investigation of crimes; procedures and safeguards relative to entering suspect information on forms and in criminal databases; designation, retention, and destruction of public records; probable cause and proper arrest procedures; the writing of proper police reports and the gathering of evidence; investigating the commission of a crime(s); the unlawfulness of instituting and/or maintaining a process against a citizen with an unlawful and/or improper motive; the laws of slander, libel and/or defamation, including such violations of a *per se* nature; and the adequacy and/or existence of information needed to institute and/or maintain a criminal prosecution.

Electronically Filed 05/26/2022 15:56 / / CV 22 964009 / Confirmation Nbr. 2561035 / CLMRB

50. The Defendants also engaged in a pattern and practice of conduct which directly caused the violation of Mr. Williams Jr.'s rights.  It was foreseeable that the Defendants' conduct would cause and did in fact cause a violation of Mr. Williams Jr.'s rights.  The conduct or misconduct consisted of acts and/or omissions by the Defendants and related to the following: the investigation of crimes; procedures and safeguards relative to entering suspect information on forms and in criminal databases; designation, retention, and destruction of public records; probable cause and proper arrest procedures; the writing of proper police reports and the gathering of evidence; investigating the commission of a crime(s); the unlawfulness of instituting and/or maintaining a process against a citizen with an unlawful and/or improper motive; the laws of slander, libel and/or defamation, including such violations of a *per se* nature; and the adequacy and/or existence of information needed to institute and/or maintain a criminal prosecution.

51. These policies, practices, customs, procedures, inadequate training, and patterns of misconduct as outlined herein were the moving force behind the constitutional violations and injuries suffered by Mr. Williams Jr.

52. As a direct and proximate result of the conduct of the Defendants as outlined herein, Mr. Williams Jr. suffered a violation of his rights, damages, and other losses.

## FIFTH CAUSE OF ACTION:
## WILLFUL, WANTON, RECKLESS, GROSS NEGLIGENCE, MALICIOUS AND BAD FAITH CONDUCT

53. Paragraphs 1 through 52 are incorporated by reference herein as if fully rewritten.

54. As set forth herein, each of the individually named Defendants, acted in a willful, wanton, reckless, grossly negligent, and/or malicious manner, and/or acted in bad faith while acting in the course and scope of their employment and under color of law. Their actions and/or omissions culminated in Mr. Williams Jr.'s injuries, deprivations and damages, also set forth herein, such that these individual Defendants are not entitled to the defenses and immunities as set forth in O.R.C. §2744.01 *et seq*.

55. As a direct and proximate result of the Defendants' willful, wanton, reckless, grossly negligent, and/or malicious conduct which was also conducted in bad faith, Mr. Williams Jr., suffered a violation of his rights, damages, and other losses.

## SIXTH CAUSE OF ACTION: SLANDER/DEFAMATION/LIBEL

56. Paragraphs 1 through 55 are incorporated by reference herein as if fully rewritten.

57. Mr. Williams Jr.'s arrest and prosecution, and the documents associated therewith, inaccurately and unlawfully portrayed him as a criminal. Mr. Williams Jr. was defamed, slandered and otherwise made the object of ridicule, embarrassment and shame. The Defendants published false statements of fact to other third parties which were not privileged (namely that he was a criminal and/or that he had

engaged in criminal conduct or words to this effect) and which publication caused him harm. Mr. Williams Jr., sustained damages as a result of the publication of falsehoods and/or the implication he had committed a crime.

58. As such, the statements and publications against Mr. Williams Jr., constituted defamation *per se.*

59. Alternatively, the circumstances surrounding the Defendants' statements and publications against Mr. Williams Jr., constituted defamation *per quod.*

60. As a direct and proximate result of the Defendants' defamation, libel and/or slander, Mr. Williams Jr., suffered a violation of his rights, damages, and other losses.

### SEVENTH CAUSE OF ACTION:
### Civil Liability for Criminal Acts Under O.R.C. §2307.60(A)(1)

61. Paragraphs 1 through 60 are incorporated herein by reference as if fully rewritten.

62. Defendants Schut, Rodrigues, Krug, and John Does 1-6 engaged in conduct that constitutes the following criminal acts: Dereliction of Duty (R.C. §2921.44(C)(2)-(5); Interfering with Civil Rights (R.C. §2921.45(A); and Tampering with Records (§2913.42(A)(1)).

63. As a direct and proximate result of the individual Defendants' intentional, knowing, and purposeful conduct, which showed a spirit of ill-will and wanton disregard of Mr. Williams Jr.'s rights, Plaintiff Mr. Williams Jr., suffered harm, losses and damages.

15

64. These Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendants and others from engaging in this type of unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mark Williams Jr., prays for judgment against the Defendants, jointly and severally, and that this Honorable Court provide the following:

(A) Award compensatory and consequential damages to Mr. Williams Jr., for the losses and damages he's incurred and is reasonably certain to incur in the future;

(B) Declare that the Defendants' acts, conduct, and omissions constitute violations of the First, Fourth and Fourteenth Amendments to the United States Constitution, and of 42 U.S.C. § 1983 and state law;

(C) Enter judgment in Mr. Williams Jr.'s favor on all claims for relief;

(D) Award punitive and exemplary damages against the individual Defendants for the individual Defendants' egregious, willful, malicious, conduct;

(E) Award pre- and post- judgment interest at the highest lawful rate;

(F) Award Mr. Williams Jr., the costs of this action and other costs that may be associated with this action; and

(G) Award all other relief in law or equity, including injunctive and declaratory relief, to which Mr. Williams Jr., is entitled and that the Court deems equitable, just and proper.

16

Respectfully submitted,

*/s/   Paul J. Cristallo*
PAUL J. CRISTALLO  (0061820)
The Law Office of Paul J. Cristallo
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH  44103
paul@cristallolaw.com
P:440.478.5262
F: 216.881.3928
Counsel for Plaintiff Mark Williams Jr.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Paul J. Cristallo*
Paul J. Cristallo (0061820)
Counsel for Plaintiff Mark Williams Jr.